# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CHARLES JOHNSON, | Case No. 1:16-cv-01040-SKO |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR AUTHORIZATION OF ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b)** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, [1] | |
| Defendant.                    / | (Docs. 23, 26) |

## I.        INTRODUCTION

On March 4, 2019, counsel for Plaintiff James Charles Johnson ("Plaintiff") filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"). (Doc. 23.) On March 5, 2019, the Court issued a minute order requiring Plaintiff and the Commissioner to file their responses in opposition or statements of non-opposition to Plaintiff's counsel's motion, if any, by no later than April 3, 2019. (Doc. 24.)

On March 7, 2019, counsel for Plaintiff filed an amended motion that reduced the award of attorney's fees based on a revised calculation of the benefits Plaintiff was awarded by the Social Security Administration.[2] (Doc. 26.) Plaintiff and the Commissioner were served with copies of

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. *See* https://www.ssa.gov/agency/commissioner.html (last visited by the court on April 8, 2019). She is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Plaintiff's counsel's amended motion only provides the revised amount of attorney's fees and does not include an updated memorandum of points and authorities or supporting documentation. As a result, the Court considers the original motion for attorney's fees and the amended motion jointly.

the motion for attorney's fees, the amended motion, and the minute order.  (Docs. 25, 27.)  Neither the Commissioner, nor Plaintiff filed any opposition by the April 3, 2019 deadline (*See* Docket).

For the reasons set forth below, Plaintiff's counsel's amended motion for an award of attorney's fees (Doc. 26), is granted in the amount of $20,272.50, subject to an offset of $4,200.00 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), on September 27, 2017 (*see* Doc. 22).  Plaintiff's original motion seeking an award of $54,125.00 (Doc. 23), is denied as moot.

## II.     BACKGROUND

On July 18, 2016, Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying his claim for disability benefits under the Social Security Act. (Doc. 1.)  On June 30, 2017, following a stipulation for remand from the parties, judgment was entered in favor of Plaintiff and against the Commissioner. (Docs. 18–20.)  On September 26, 2017, the parties stipulated to an award of $4,200.00 in attorney's fees under EAJA (Doc. 21), and on September 27, 2017, the Court entered the stipulated order (Doc. 22).

On remand, the Commissioner issued a decision finding Plaintiff disabled.  (*See* Doc. 23, Declaration of Steven G. Rosales ("Rosales Decl.") ¶ 3 and Doc. 23-2 ("Ex. 2").)  On February 9, 2019, the Commissioner issued a letter to Plaintiff approving his claim for benefits and awarding him $217,661 in back payments for the period November 2004 through October 2018.  (*See* Doc. 23, Rosales Decl. ¶ 4 and Doc. 23-1 at 3.)  On March 4, 2019, counsel filed a motion for attorney's fees in the amount of $54,125, equal to approximately 25% of Plaintiff's back benefits, subject to a $4,200 refund to Plaintiff for EAJA fees already awarded.  (*See* Doc. 23.)  Plaintiff's counsel's amended motion for attorney's fees, filed on March 7, 2019, reduces the requested attorney's fees to $20,272.50, which reflects an $81,090.00 award of benefits to Plaintiff based on a shortened time period for calculating Plaintiff's past due benefits. (Doc. 26 at 2 ("[T]he actual back benefit awarded [to Plaintiff] amounts to $81,090.00.  The appropriate time period for calculation of the back benefits is December 2014 through January 2019.  Twenty-five percent of that amount is $20,272.50.").)

It is counsel's section 406(b) motion for attorney's fees along with the corresponding amended motion that are currently pending before the Court.

## III.        DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Commissioner has standing to challenge the award, despite that the section 406(b) attorney's fee award is not paid by the government. *Craig v. Sec'y Dep't of Health & Human Servs*., 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (Section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking

3

1  first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at

2  1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  The United States Supreme Court has identified

3  several factors that may be considered in determining whether a fee award under a contingent-fee

4  agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the

5  representation; (2) the results achieved by the representative; (3) whether the attorney engaged in

6  dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the

7  benefits are large in comparison to the amount of time counsel spent on the case; and (5) the

8  attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent

9  cases.  *Id.*  (citing *Gisbrecht*, 535 U.S. at 807-08).

10        Here, the fee agreement between Plaintiff and the Law Offices of Lawrence D. Rohlfing,

11  signed by Plaintiff and counsel, provides:

12
13  If this matter requires judicial review of any adverse decision of the Social Security
   Administration, the fee for successful prosecution of this matter is **a separate 25%**
   **of the past due benefits awarded upon reversal of any unfavorable ALJ**
14  **decision for work before the court**.  Attorney shall seek compensation under the
   Equal Access to Justice Act and such amount shall credit to the client for fees
15  otherwise payable for court work.  Client shall endorse such documents as are
   needed to pay Attorney any amounts under the EAJA and assigns such fee awards
16  to Attorney.

17  (Doc. 23, Rosales Decl. ¶ 2; Doc. 23-1 ("Ex. 1") (emphasis in original).)

18        The Court has considered the character of counsel's representation of Plaintiff and the good

19  results achieved by counsel, which included an award of benefits.  As Plaintiff's counsel, the Law

20  Offices of Lawrence Rohlfing spent 23.8 hours representing Plaintiff, ultimately gaining a favorable

21  decision in that the Commissioner's decision was remanded to the agency for reconsideration, which

22  then awarded benefits to Plaintiff.  (*See* Doc. 23, Rosales Decl. ¶ 5; Doc. 23-4 (time sheet accounting

23  for 20.5 attorney hours and 3.4 paralegal hours spent representing Plaintiff before the district court)).

24  There is no indication that a reduction of the award is warranted due to any substandard performance

25  by Plaintiff's counsel, as counsel secured a successful result for Plaintiff.  There is also no evidence

26  that counsel engaged in any dilatory conduct resulting in delay.

27        Counsel does not set forth his or his paralegal's normal hourly rates.  However, the effective

28

4

hourly rate requested equals $848.22 per hour.[3]  This hourly rate is not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements.  *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also Thomas v. Colvin,* No. 1:11−cv−01291−SKO, 2015 WL 1529331, at *2−3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09CV0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15−04261−DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue,* No. CIV−S−06−0846 GGH, 2010 WL 118454, at *1−2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").  Further, attorney's fees in the amount of $20,272.50 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award.  *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

        In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms.  "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).  Attorneys who agree to represent

---

[3] Plaintiff's counsel expended 20.5 hours and a paralegal expended 3.4 hours.  Thus, the effective hourly rate requested is computed as follows: $20,272.50 / (20.5 + 3.4) = $848.22 per hour.

claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Plaintiff's attorney accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* Doc. 23, Rosales Decl. ¶ 2 and Ex. 1.) Working efficiently and effectively, the attorney secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (See *id.*, Rosales Decl. ¶ 3 and Ex. 2.)

An award of attorney's fees pursuant to section 406(b) in the amount of $20,272.50 is, therefore, appropriate. An award of section 406(b) fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Plaintiff was previously awarded $4,200.00 in fees pursuant to the EAJA; as such, counsel shall refund this amount to Plaintiff.

## IV.    CONCLUSION AND ORDER

For the reasons stated above, the Court concludes that the fees sought by Plaintiff's counsel pursuant to section 406(b) are reasonable.

Accordingly, IT IS ORDERED that:

1.    Plaintiff's counsel's unopposed amended motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,272.50 (Doc. 26) is granted;

2.    Plaintiff's counsel shall refund to Plaintiff $4,200.00 of the section 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d) (Doc. 22);

3.    Plaintiff's counsel's March 4, 2019, motion for attorney's fees (Doc. 23), is denied as moot; and

4.    Counsel for Plaintiff shall file on the Court's docket proof of service of this order upon Plaintiff, at his current or last known address.

IT IS SO ORDERED.

Dated:    **April 10, 2019**                          /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE